IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

ELVIS PRESLEY ENTERPRISES,
INC., EPPF, LLC and GUESTHOUSE AT
GRACELAND, LLC,

    Plaintiffs,

v.                              No. 2:18-cv-02718-SHM-dkv

CITY OF MEMPHIS,

    Defendant.

---

**MOTION AND INCORPORATED MEMORANDUM OF LAW FOR PROTECTIVE ORDER OR TO QUASH AS TO THE DEPOSITION OF JOEL WEINSHANKER**

---

Plaintiffs, Elvis Presley Enterprises, Inc., EPPF, LLC and Guesthouse at Graceland, LLC (collectively, "EPE"), move this Court for a protective order with respect to the City's Notice of Deposition of Joel Weinshanker, and state as follows:

1. The City noticed the deposition of witness Joel Weinshanker for January 24, 2020, to take place in Memphis, Tennessee at the office of counsel for the City.

2. The Notice should be quashed, or alternatively this Court should enter an appropriate protective order, because: (1) The City noticed the deposition for a date without confirming counsel for EPE's availability; and (2) the City noticed the deposition to take place in Memphis, despite the City's knowledge that Mr. Weinshanker is not a resident of Tennessee, and is not a party, or the designated corporate representative of a party, to this lawsuit.

3. As to the date noticed by the City, neither Mr. Weinshanker nor counsel for EPE is available on the date noticed unilaterally by the City. On that basis alone, the deposition of Mr.

Weinshanker should be quashed, or this Court should enter a protective order, ordering the City to notice the deposition for a date and time when Mr. Weinshanker and counsel are available.

4. As to the location in the Notice, Mr. Weinshanker is not a resident of Tennessee, nor is he a party or a designated representative of a party. The City and its counsel is well aware of these facts. Despite this knowledge, the City is insisting, without providing any valid basis at law or fact, that Mr. Weinshanker must travel to Memphis for his deposition.

5. Unfortunately, this unwarranted demand is just another example of the City's improper conduct in discovery in this matter. Indeed, as noted in EPE's Response to the City's Motion to Compel, EPE's Motion to Amend Scheduling Order and Trial Date, and EPE's Motion to Compel, the City has yet to make its promised document production in response to EPE's July 2019 document requests, even though only two months remain before the discovery deadline in this matter, and despite EPE's repeated inquiries as to the production.

6. Further, the City has made false representations to this Court regarding its relationship with EDGE, leading this Court to enter an Order on the City's Interrogatories based on the City's false statements. In fact, EDGE is an agency and instrumentality of the City, yet the City argued otherwise to this Court, and included this false statement as a request for admission propounded to EPE (see Request No. 8, City's First Requests for Admission).

7. The City's insistence upon scheduling Mr. Weinshanker's deposition without confirming his availability and for a location the City knows is improper is in line with the above discovery abuses, and should not be permitted.

8. The City has provided no authority for its wrongful demand for Mr. Weinshanker to appear in Memphis, other than the argument that "EPE chose to sue in Memphis" and because Mr. Weinshanker has been identified as a person with relevant knowledge. Again, the City has

provided no basis for requiring a witness, not a party or designated representative of a party, to be forced to travel across the country to appear for a deposition. The City appears to be so blinded by its intent to retaliate against EPE and Mr. Weinshanker that it cannot see the ridiculousness of its stance. It is because of the City's retaliation against EPE that EPE was forced to file this lawsuit in Memphis. And now the City wants to further retaliate by abusing the discovery process and insisting upon demands without any basis in law.

9. Accordingly, this Court should grant EPE's Motion, and quash the deposition of Mr. Weinshanker, or enter an appropriate protective order, forcing the City to schedule the deposition at a date and time when Mr. Weinshanker and counsel for EPE are available, and at a location convenient for Mr. Weinshanker, based on his status as a witness, not a party or designated party representative.

10. EPE further requests that it be granted its costs and fees associated with bringing this Motion.

Respectfully submitted,

*s/J. Bennett Fox, Jr.*
Clarence A. Wilbon (TN Bar No. 023378)
J. Bennett Fox, Jr. (TN Bar No. 026828)
**ADAMS AND REESE LLP**
6075 Poplar Ave, Suite 700
Memphis, TN 38119
Telephone: (901) 524-5324
Facsimile: (901) 524-5414
Clarence.Wilbon@arlaw.com
Ben.Fox@arlaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF COUNSEL CONSULTATION

The undersigned certifies that, pursuant to Local Rules of the United States District Court for the Western District of Tennessee, Counsel for Plaintiffs has consulted with Counsel for Defendant on a number of occasions regarding the deposition of Joel Weinshanker, including via email and in person. In these discussions, Counsel for City confirmed that the City's opposition to the relief requested in this Motion.

/s/ *J. Bennett Fox, Jr.*
J. Bennett Fox, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ *J. Bennett Fox, Jr.*
J. Bennett Fox, Jr.